UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BROWN, | |
| Plaintiff, | Civil Action No. 22-5861 (MAS) (TJB) |
| v. | |
| JOHN FALVEY, et al., | MEMORANDUM ORDER |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Michael Brown's application to proceed *in forma pauperis* (ECF No. 5) and the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

*v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that, in 2016, he was subjected to a "shank attack" by a former cellmate and suffered numerous injuries and a loss of trust in being housed with other inmates. (ECF No. 1 at 4.) He was therefore placed in a single occupancy cell. (*Id.*) Following disciplinary infractions, in March 2021, prison staff determined that Plaintiff had forfeited the privilege of a single occupancy cell, and he was set to be transferred to a new prisoner cell. (*Id.* at 4-5.) Plaintiff complained to various prison and Department of Corrections staff, stating that he

was afraid of future attacks by cellmates and that he did not trust others enough to share a cell. (*Id.* at 2-5.) Despite these protestations, staff proceeded with the transfer. (*Id.*) Plaintiff refused to be placed in a double occupancy cell, and was placed in punitive housing. (*Id.* at 5-7.)

On November 17, 2021, Plaintiff was again set to be moved to a double occupancy cell. (*Id.* at 6.) When Plaintiff again refused to enter the shared cell, Defendant Sgt. Stump ordered the John Doe officer defendant to force Plaintiff into the cell. (*Id.* at 6-7.) The officer did so by performing a "wrestling move" on Plaintiff which involved forcing Plaintiff into the cell through applied pressure to Plaintiff's arm and a knee to the back. (*Id.* at 7.) Plaintiff believes this "move" amounts to excessive force. (*Id.*) Plaintiff continues to complain about being placed with other inmates, and continues to refuse a shared cell, resulting in further punitive placements. (*Id.*) Plaintiff asserts that forcing him to share a cell and punishing him for refusing to do so amounts to cruel and unusual punishment. (*Id.*) Plaintiff also believes that the refusal of Defendants to honor his insistence on a single cell amounts to a failure to protect him, although he makes no attempt to connect his assertions that he is in danger should he share a cell to any harm suffered that was not a direct result of his refusal to share a cell. (*Id.* at 2-8.)

Having reviewed the complaint, this Court finds no basis to dismiss Plaintiff's excessive force claim against Sgt. Stump and the John Doe Officer Defendant, and will therefore permit those claims to proceed. Plaintiff's remaining claims, however, are deficient.

Turning first to Plaintiff's claims in which he asserts that being transferred to a shared cell following a disciplinary infraction amounts to cruel and unusual punishment or a denial of due process, the Court notes that prisoners have no right to a single occupancy cell. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981); *Thomaston v. Meyer*, 519 F. App'x 118, 119 (3d Cir. 2013) ("it is well-settled that prisoners do not have a . . . right to be single-celled). Indeed, a

3

prisoner does not have any liberty interest in being held in any specific prison or security classification level which is not outside what a prisoner "may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Johnson v. Burris*, 339 F. App'x 129, 130 (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Heaney v. N.J. Dep't of Corr.*, No. 10-3027, 2010 WL 5094429, at * 2 (D.N.J. Dec. 8, 2010). A prisoner such as Plaintiff is thus not entitled to any process prior to being transferred to a double occupancy cell, and his claim must fail to the extent it is premised as a violation of his Due Process rights. Plaintiff's claims that he was repeatedly placed in punitive confinement similarly fail as such a placement is within the expectations of prison life and is in any event the direct result of Plaintiff's own refusal to enter the cell to which he was assigned.

Plaintiff's claim fares no better as a cruel and unusual punishment claim. To make out such a claim, Plaintiff would have to plead facts showing that the conditions under which he was housed are so seriously harmful that they would deny him the minimal civilized measures of life's necessities, *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Watson v. Secretary Penn. Dep't of Corr.*, 567 F. App'x 75, 79 (3d Cir. 2014), and that in transferring him into such conditions amounted to Defendants being deliberately indifferent to a known risk of serious harm. *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson*, 501 U.S. at 303. Placement into a shared cell meets neither requirement. *See Rhodes*, 452 U.S. at 348-50. Here, Plaintiff has failed to plead any facts other than his own fear of a repeat of an incident from five years ago involving a cellmate not involved in the current situation. Plaintiff has utterly failed to plead any facts indicating that his placement into a shared cell would violate his Eighth Amendment or Due Process rights, and his

4

claims related to that transfer must therefore be dismissed without prejudice for failure to state a plausible claim for relief.

Plaintiff's failure to protect claims fail for similar reasons. To state a failure to protect claim, Plaintiff would have to plead facts indicating that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendants were "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). This would require that defendants know of and disregard a known serious risk of harm to the plaintiff. *Belt*, 336 F.3d at 438. Here, Plaintiff pleads only that Defendants knew that he had been attacked five years ago, and that he didn't trust others. He pleads no facts supporting the contention that Defendants should know that his placement in a double occupancy cell amounts to a known risk of harm, or that they should have known he would resist or refuse such a placement resulting in serious injury. His failure to protect claims therefore fail to state a plausible claim for relief and must be dismissed without prejudice as such.

Finally, the Court notes that Plaintiff has filed motions in which he requests an extension of time within which to file a notice of appeal as to the Court's previous order administratively terminating this matter as Plaintiff's initial *in forma pauperis* application was deficient (ECF Nos. 7-8), and a motion asking the Court to reconsider the termination of his case. (ECF No. 10). As this Court has now granted Plaintiff's newest *in forma pauperis* application and will order this matter re-opened, all three motions have been rendered moot. The motions will be denied as such.

**IT IS THEREFORE** on this 6th day of March, 2023, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter;
2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**;

3. Plaintiff's complaint (ECF No. 1) shall be **FILED**;

4. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of New Jersey State Prison;

5. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

6. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

7. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited;

8. Plaintiff's excessive force claims shall **PROCEED** against Defendants Stump and the John Doe Corrections Officer at this time;

9. Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**;

10. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendants Stump and the John Doe Corrections Officer;

11. Plaintiff shall complete the forms and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

12. Upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants Stump and the John Doe Corrections Officer pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

13. Defendants Stump and the John Doe Corrections Officer shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2);

14. Plaintiff's motions seeking both extensions of time within which to appeal this Court's order denying Plaintiff's initial *in forma pauperis* application without prejudice and seeking reconsideration of that order (ECF Nos. 7, 8, 10) are **DENIED** as moot in light of the granting of Plaintiff's new application; and

15. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**