UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SGT. STUMP and JOHN DOE,<br><br>Defendants. | Civil Action No. 22-5861 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for a Preliminary Injunction ("MPI") filed on September 29, 2023. (ECF No. 28.) The Court has carefully considered the Plaintiff's submissions in this matter. For the reasons set forth below, Plaintiff's Motion for a Preliminary Injunction is **DENIED**.[1]

## I. BACKGROUND

Plaintiff Michael Brown ("Plaintiff") is a convicted state prisoner who filed his civil rights Complaint and application to proceed *in forma pauperis* ("IFP") on October 3, 2022. (Complaint ("Compl."), ECF No. 1 at 1.)[2] The Complaint alleges that Plaintiff was subjected to a "shank attack" by a former cellmate in 2016, after which Plaintiff was placed in a single-occupancy cell. (*Id.* at 4.) Plaintiff repeatedly protested being transferred back to a double-occupancy cell, and Plaintiff accrued disciplinary infractions based on his refusal to move to a double-occupancy cell,

---

[1] As noted below, the Court construes Plaintiff's proposed Amended Complaint, (ECF No. 18), as a motion for leave to amend the complaint and **DENIES** leave to amend.

[2] The Court adopts the Honorable Michael A. Shipp's summary of the Complaint, (ECF No. 15), and only recites the Complaint's allegations as necessary to decide Plaintiff's MPI.

for which Plaintiff was disciplined. (*Id.* at 4–5.) In March 2021, prison staff planned to transfer Plaintiff to a new shared cell, Plaintiff refused to be moved, and Plaintiff was instead placed in punitive housing. (*Id.* at 4–6.) When prison staff attempted to move Plaintiff to a double-occupancy cell on November 17, 2021, Plaintiff refused, and Defendant Sgt. Stump ("Stump") ordered Defendant John Doe ("Doe") to use a "wrestling move" to physically transfer Plaintiff, allegedly injuring Plaintiff. (*Id.* at 6–7.) Plaintiff continued to complain to prison staff about being forced to share a cell with other inmates and received punitive placements as a result. (*Id.* at 7–9.)

On March 6, 2023, Judge Shipp granted Plaintiff's amended IFP application and conducted a *sua sponte* screening of the Complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 15.)[3] Judge Shipp permitted the claims against Defendants Stump and Doe, based on the allegation that they used excessive force in attempting to move Plaintiff to a double-occupancy cell, to proceed. (*Id.* at 3.) However, Judge Shipp dismissed all other claims against the remaining named Defendants. *First*, Judge Shipp concluded that the prison staff forcing Plaintiff to transfer to a shared cell following a disciplinary infraction did not constitute cruel and unusual punishment or a denial of due process. (*Id.*) The Court noted it was settled law that "prisoners have no right to a single occupancy cell." (*Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 347–50 (1981) and *Thomaston v. Meyer*, 519 F. App'x 118, 119 (3d Cir. 2013)).) *Second*, Judge Shipp held that Plaintiff had not made out a claim for cruel and unusual punishment by alleging that he was transferred to a shared cell against his will. (*Id.* at 4 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 79 (3d Cir. 2014)).) *Finally*, Judge Shipp concluded that the Complaint did not plead an Eighth Amendment failure to protect claim. (*Id.* at 5 (citing *Farmer v.*

---

[3] Judge Shipp denied Plaintiff's initial IFP application. (ECF No. 2.) Plaintiff filed renewed IFP applications and supporting documents, (ECF Nos. 3–6, 9, 13), which Judge Shipp subsequently granted, (ECF No. 15).

2

*Brennan*, 511 U.S. 825, 833 (1994) and *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438–39 (D.N.J. 2018)).) The Court wrote that the allegation that "Defendants knew that [Plaintiff] had been attacked five years ago, and that [Plaintiff] didn't trust others" did not establish that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff. (*Id.*)

Plaintiff filed a proposed Amended Complaint on April 3, 2023. (ECF No. 18.) The Amended Complaint alleges identical conduct and names the same Defendants as the Complaint that Judge Shipp previously screened. In the proposed Amended Complaint, Plaintiff alleges that his former cellmate attacked him with a "shank" in June 2016. (*Id.* at 4; ECF No. 18-2.) The Amended Complaint includes as exhibits multiple communications between Plaintiff and prison staff as well as Plaintiff's disciplinary records. (ECF Nos. 18-3 to 18-20.) Plaintiff complained to various prison staff multiple times about his belief that he would be in danger living in a double-occupancy cell. (ECF No. 18 at 4–9.) The prison staff did not allow Plaintiff a single-occupancy cell, and Plaintiff was disciplined repeatedly for refusing to comply with instructions that he occupy a double-occupancy cell or permit his cellmate access to their shared space. (*Id.*)

On September 29, 2023, Plaintiff filed the MPI now pending before this Court. (ECF No. 28.)[4] The MPI references the June 2016 incident in which Plaintiff was "attacked with a shank by a cell mate, in a double man cell" and that Plaintiff as a result does "not trust living in the cell" with another inmate. (*Id.* ¶ 3.) Plaintiff continues that he has suffered "numerous charges/sanctions" imposed as a result of his "refusing to lock with other inmates in isolated confinement." (*Id.* ¶ 4.) The MPI seeks the Court to "order[] defendants to . . . plac[e] Plaintiff in a single cell housing, with a single cell order." (*Id.* ¶ 7.)

---

[4] Plaintiff also filed a motion for the appointment of counsel, (ECF No. 30), which the Honorable Tonianne J. Bongiovanni denied on February 22, 2024, (ECF No. 33).

3

## II. LEGAL STANDARD

Granting a preliminary injunction is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In determining whether to grant a motion for preliminary injunctive relief, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)).

## III. DISCUSSION

Plaintiff's MPI, which stems from a single alleged attack in 2016 for which Plaintiff offers no detail or elaboration and which Judge Shipp determined could not support any claim, fails to establish either likelihood of success on the merits or irreparable harm. Therefore, Plaintiff's MPI must be **DENIED**.[5]

---

[5] Because Plaintiff has not demonstrated either of the first two preliminary injunction factors, the Court need not consider the remaining two factors. *See Reilly*, 858 F.3d at 176 (holding that a court considers the final two factors only if the first two "gateway factors are met"). However, even if it were to reach the third and fourth factors, which account for effects on other parties and the public interest by the sought preliminary injunction, the Court would find these factors likewise weigh against granting Plaintiff's MPI. Prison staff are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547

4

A.     LIKELIHOOD OF SUCCESS ON THE MERITS

To meet the first prong, a movant "need[] only to show a likelihood of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011). The movant need not show that it is "more likely than not" to ultimately prevail. *Reilly*, 858 F.3d at 179. Plaintiff has not established a likelihood of success on the merits here.

Given Judge Shipp's March 6, 2023 dismissal of the claims on which Plaintiff now relies in seeking preliminary injunctive relief, (ECF No. 15), only a brief discussion of the merits is required. Alleging an Eighth Amendment conditions of confinement claim requires showing "(1) the prison official deprived the prisoner of the minimal civilized measure of life's necessities; and (2) the prison official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (citing *Farmer*, 511 U.S. at 843). The allegation of a single attack in 2016—divorced from any allegations that prison staff forced Plaintiff to continue to share a cell with his attacker, or any other details about the 2016 attack that suggest that another attack was possible—does not support the inference that Plaintiff faced a "substantial risk of serious damage." *Chavarriaga*, 806 F.3d at 226; *see also Thomaston*, 519 F. App'x at 119 (decision to not grant plaintiff prisoner a single cell did not violate the Eighth Amendment (citation omitted)). Likewise, the prison staff's decision to assign Plaintiff to a double-occupancy cell, and to

---

(1979)). Granting Plaintiff's MPI would require instructing prison staff on the manner in which to carry out Plaintiff's confinement without a fulsome understanding of the considerations implicated in the prison staff's decision to not afford Plaintiff a single-occupancy cell.

discipline Plaintiff for refusing instructions to do so, does not shock the conscience or evidence deliberate indifference that could support Plaintiff's housing-based claims.[6]

### B. IRREPARABLE HARM

Establishing irreparable injury requires the movant to demonstrate a "'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'" *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994) (quoting *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 358 (3d Cir. 1980)). The feared injury "must be irreparable not merely serious or substantial." *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977).

The Third Circuit's summary decision in *Louis v. Bledsoe*, 438 F. App'x 129 (3d Cir. 2011) (per curiam), is instructive here. In *Louis*, a federal civil rights plaintiff, who had previously been subjected to sexual violence in prison and shared a cell with an inmate who engaged in sexually abusive behavior, sought a preliminary injunction requiring the prison to provide a single-occupancy cell. *Id.* at 130. The plaintiff stated at a hearing that the abusive cellmate had been moved but alleged continuing fear based on "dangerous inmates" housed at the prison. *Id.* The district court denied the preliminary injunction motion, finding no irreparable harm. *Id.* at 131. The Third Circuit affirmed, finding that because the plaintiff had been separated from the cellmate, the plaintiff "is no longer in danger from that inmate and he presented no evidence, other than his own speculation, that he is currently in any kind of danger in the SMU. For this reason alone, denial of preliminary injunctive relief was proper." *Id.*

Plaintiff's claim of irreparable harm fails for similar reasons here. As noted above, the only harm Plaintiff alleges stems from an attack by Plaintiff's former cellmate in 2016, over seven years

---

[6] While Judge Shipp permitted one excessive force claim to proceed against Defendants Stump and Doe, (ECF No. 15 at 3), that claim is not the basis for the preliminary injunction Plaintiff seeks.

6

ago. (Compl. at 4; ECF No. 28 ¶ 3.) Plaintiff has not alleged that prison staff required him to share a cell with his attacker after 2016. Nor has Plaintiff alleged any details about the underlying attack that could support an inference that Plaintiff fears being attacked by a different cellmate. Like the plaintiff in *Louis*, Plaintiff has "presented no evidence, other than his own speculation, that he is currently in any kind of danger" in the housing arrangement he objects to. *Louis*, 438 F. App'x at 131. Therefore, there is no basis to find that Plaintiff faces an "*immediate* irreparable injury" or a "*presently existing* actual threat." *Acierno*, 40 F.3d at 655 (emphasis added).[7]

---

[7] In deciding Plaintiff's MPI, the Court has reviewed Plaintiff's proposed Amended Complaint and construed it as a Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Denial of leave to amend is appropriate when amendment would be futile. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Judge Shipp reviewed Plaintiff's Complaint and dismissed all claims based on the prison staff's refusal to grant Plaintiff a single-occupancy cell or the discipline Plaintiff received as a result of refusing to move to a double-occupancy cell. (ECF No. 15.) Plaintiff's proposed Amended Complaint does not add any new allegations but rather adds detail to the claims Judge Shipp already dismissed. (ECF No. 28.) Therefore, the Court finds that amendment would be futile. The original Complaint, (ECF No. 1), as modified by Judge Shipp's Order to only permit the excessive force claim to proceed, (ECF No. 15), remains the operative pleading.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for a Preliminary Injunction (ECF No. 28) is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

                                                                  _____
                                                                  **ROBERT KIRSCH**
                                                                  **UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: March 6, 2024