**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MICHAEL BROWN,** | |
| **Plaintiff,** | **Civil Action No. 22-5861 (RK) (TJB)** |
| v. | |
| **JOHN FALVEY,** *et al.* | **MEMORANDUM AND ORDER** |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon *pro se* Plaintiff Michael Brown's ("Plaintiff")
Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15
("Motion to Amend"). (Docket Entry No. 46.) Defendant James Stump opposes Plaintiff's
Motion to Amend. (Docket Entry Nos. 48 and 50.) The Court has fully reviewed and considered
all arguments made in support of and in opposition to Plaintiff's motion. The Court considers
Plaintiff's motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set
forth more fully below, Plaintiff's Motion to Amend is **GRANTED, in part, and DENIED, in
part.**

## I.    BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with the facts of this case, the Court will only recite the
procedural and factual background relevant to Plaintiff's Motion to Amend.

On October 3, 2022, Plaintiff, a prisoner litigant, filed his original Complaint and
application to proceed *in forma pauperis* ("IFP"). (Docket Entry No. 1) ("Compl.") In his
original Complaint, Plaintiff asserted claims against several New Jersey Department of

Corrections staff members, including Defendants James Stump, Marc Sims, and Amy Emrich. On March 6, 2023, the District Court granted Plaintiff's IFP application and screened Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)(2)(B).   In its Memorandum Order, the Court dismissed all parties and claims except for Plaintiff's excessive force claim against Defendant Stump and the John Doe Officer Defendant.   (*See* Mem. Order of 03/06/2023; Docket Entry No. 15) (dismissing Plaintiff's cruel and unusual punishment claim, failure to protect claim, and claim premised as a violation of due process rights.)

Plaintiff's surviving claim against Defendants Stump and the John Doe Officer stem from an alleged incident that occurred on November 17, 2021.   As alleged in the Complaint, Plaintiff was set to be moved to a double-occupancy cell.   (Compl., at 6.)   Plaintiff refused to enter the shared cell, and Defendant Stump thereafter ordered the John Doe Officer to force Plaintiff into the cell.   (*Id.* at 6-7.)   In complying with Defendant Stump's order, the John Doe Officer performed a "wrestling move" on Plaintiff, which consisted of applying pressure to Plaintiff's arm and forcibly placing a knee into Plaintiff's back.   (*Id.* at 7.)   Upon executing this "wrestling move," the John Doe Officer forced Plaintiff into the shared cell, allegedly injuring Plaintiff.   (*Id.*)

On April 3, 2023, Plaintiff filed a proposed Amended Complaint.   (First Prop. Am. Compl.; Docket Entry No. 18.)   In deciding Plaintiff's previously filed Motion for Preliminary Injunction, (Docket Entry No. 28), the District Court construed Plaintiff's proposed Amended Complaint as Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).   (Mem. Op. of 03/06/2024, at 7 n.7; Docket Entry No. 35) ("Mem. Op. of 03/06/2024"). The Court ultimately found that amendment of Plaintiff's Complaint would be

futile, as Plaintiff's proposed Amended Complaint failed to add any new allegations but rather added detail to the claims already dismissed by the District Court.   (*Id.*)   Pursuant to the District Court's opinion, the original Complaint, (Docket Entry No. 1), as modified by the District Court's Order to permit only the excessive force claim to proceed, (Docket Entry No. 15), remains the operative pleading.   (Mem. Op. of 03/06/2024, at 7 n.7.)

On July 11, 2024, with assistance from the United States Marshals Service, Defendant Stump was served with the Summons and Complaint. (Docket Entry No. 41.)   On August 15, 2024, Defendant Stump filed an Answer.   (Docket Entry No. 45.)

On September 9, 2024, Plaintiff filed his present Motion to Amend.   In his motion, Plaintiff seeks leave to amend his complaint to, *inter alia*, correct Defendant Stump's name, add to the Complaint sections establishing Jurisdiction and Venue ("Jurisdiction and Venue Sections"), and rejoin Defendants Sims and Emrich to this action under 42 U.S.C. § 1983.    (Pl.'s Mot., at 1; Docket Entry No. 46) ("Pl.'s Mot.")   Specifically, Plaintiff asserts that Defendant Sims on December 8, 2022, in retaliation for being named as a defendant in the within action's original Complaint, caused an officer to fabricate charges resulting in Plaintiff being deprived of "all privileges" for 45 days.    (Second Prop. Am. Compl., at 4-5; Docket Entry No. 49) ("SPAC"). Allegedly, Defendant Sims fabricated additional charges against Plaintiff on February 15, 2023, resulting in Plaintiff again being deprived of "all privileges" for 45 days.   (*Id.* at 5.)   Plaintiff appealed Defendant Sims' administrative sanctions.   (*Id.*)   On June 19, 2023, Defendant Emrich, presiding over Plaintiff's administrative appeal, allegedly misapplied a procedural rule to Plaintiff's appeal in retaliation for being named as an original Defendant in this action.   (*Id.* at 5-

3

6.)  Plaintiff alleges that Defendants Sims and Emrich violated his rights under the First and Fourteenth amendment by retaliating against him.

Defendant Stump opposes Plaintiff's motion. (Docket Entry Nos. 48 and 50.)   In opposition, Defendant Stump argues that Plaintiff should be precluded from asserting his new claims against Defendants Sims and Emrich in this action, as the proposed claims arise from purported incidents that occurred well after the alleged incident of November 17, 2021—the incident that forms the basis of Plaintiff's sole surviving claim in this action.   (Def.'s Opp'n, at 3-5; Docket Entry No. 50) ("Def.'s Opp'n").   By seeking to assert new claims against Defendants Sims and Emrich based on incidents that occurred in December 2022 and June 2023 and that are unrelated to the events giving rise to the Complaint, Defendant Stump contends that Plaintiff seeks to circumvent the three-strikes provision of the Prison Litigation Reform Act ("PLRA") through amendment of his Complaint.   (*Id.* at 3-4) (citations omitted.)   Rather, according to Defendant Stump, Plaintiff should be required to file a new lawsuit to assert these claims.   (*Id.* at 4.)

## II.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2), leave to amend pleadings is generally granted freely.   *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).   Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."   *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002).   However, where there is an absence of undue

4

delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).   In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

The Court first addresses Plaintiff's requests (1) to correct Defendant Stump's name and (2) to add the Jurisdiction and Venue Sections to the Complaint.  The Court finds that these requests are neither prejudicial, unduly burdensome, nor substantively futile.  Plaintiff's request to amend the Complaint to include the foregoing amendments is therefore **GRANTED.**

However, regarding Plaintiff's request to rejoin Defendants Sims and Emrich to this action under 42 U.S.C. § 1983 based on alleged incidents that occurred in December 2022, February 2023 and June 2023, the Court finds that the same is impermissible.[1]  Plaintiff's proposed new claims against Defendants Sims and Emrich bear no relation to the allegations that gave rise to his initial

---

[1] While both Plaintiff and Defendant Stump solely analyze Plaintiff's motion under Rule 15(a)(2), for the reasons set forth in this Opinion, the Court finds Plaintiff's proposed new claims are impermissible under both Rule 15(a)(2) and Rule 15(d).  Rule 15(d) governs requests to serve supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d).   As the Third Circuit has explained, "Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time."   *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188 (3d Cir. 1979); *see T Mobile Northeast LLC v. City of Wilmington*, 913 F.3d 311, 326 (3d Cir. 2019).   Notably, "Rule 15(d) is subject to the same liberal standards applicable under 15(a), and [l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 378 (D.N.J. 2023) (internal quotation marks omitted) (citations omitted).   As explained *infra,* Plaintiff's proposed claims are unconnected to the original pleading and must proceed in the proper course subject to the PLRA.

filing.  Plaintiff's pending action, including his initial claims asserted against Defendants Sims and Emrich which have since been dismissed, arose from alleged incidents related to and surrounding Plaintiff's transference, placement, and confinement to a shared double-occupancy cell in disregard of his numerous complaints and requests to be placed in single-occupancy cell. (Compl., at 3-9.)  The new claims set forth by Plaintiff in his Second Proposed Amended Complaint arise from a wholly different and independent set of circumstances.  These circumstances consist of the alleged fabrication of charges by Defendant Sims that resulted in the deprivation of Plaintiff's privileges, and the alleged violation of Plaintiff's procedural rights by Defendant Emrich during his appeal of Defendant Sims' administrative sanctions.  (SPAC, at 5-6.)  As alleged by Plaintiff, these incidents occurred after the filing of Plaintiff's original complaint and were allegedly motivated by the fact that Defendants Sims and Emrich were named as original defendants in the same. (*Id.*)  Notably, Plaintiff does not assert that his newly proposed claims, including their related incidents, are connected in any way to either his removal from a single-occupancy cell to a shared double-occupancy cell or to the underlying events thereto that appear in his original complaint.

28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, provides that prisoners may proceed in federal court without prepayment of the filing fees, i.e., *in forma pauperis*.  However, "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation, the [PLRA] established what has become known as the three-strikes rule."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723, 207 L. Ed. 2d 132 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).  The three-strikes rule "generally prevents a prisoner from bringing suit

*in forma pauperis* . . . if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (citing 28 U.S.C. § 1915(g).   In interpreting Section 1915(g), to prevent circumvention of the PLRA's provisions, courts in this circuit and sister courts have found that to permit prisoner litigants to add new claims or defendants unrelated to the allegations that form the basis of the action, and that have arisen since the initial filing of the complaint, would defeat the purpose of the three-strikes rule of the PLRA. *See e.g., Talbert v. Carney*, Civ. No. 18-1620, 2019 WL 5106523, at *6 n.62 (E.D. Pa. Oct. 10, 2019) (collecting cases); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000), *aff'd sub nom. Scott v. Moore*, 6 F. App'x 187 (4th Cir. 2001) ("[P]ermitting [plaintiff] to amend his complaint to include new, unconnected claims which have arisen since his initial filing defeats the purposes of filing fees and the "three strikes" provisions in 28 U.S.C. § 1915(g)."); *Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) ("Allowing [plaintiff] to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA."); *Williams v. Dep't of Correction*, Civ. No. 08-367, 2009 WL 1649142, at *4 (D. Del. June 8, 2009) ("The second motion to amend raises new issues for acts that occurred after the filing of the original complaint and claims that do not appear in the original complaint or the amended complaint. The court will not allow [plaintiff] to add claims, unrelated in time or to allegations in the original complaint and its amendment.").

Thus, since Plaintiff's newly proposed claims bear no relation to the allegations that gave rise to this action, neither amendment nor supplementation of the Complaint is the proper course

for Plaintiff to pursue his proposed claims.    Rather, the proper remedy for Plaintiff is to file a new lawsuit to be subject to the requirements of the PLRA, including the mandatory screening requirement of 28 U.S.C. § 1915(e)(2)(B) which may result in him obtaining a "strike" under 28 U.S.C. § 1915(g).[2] *See generally* 28 U.S.C. § 1915(a)-(g); 28 U.S.C. § 1915A.

The instant ruling does not prevent Plaintiff from pursuing his proposed claims in federal court but rather denies him the ability to add unrelated claims to the pending action in circumvention of the PLRA's provisions.    Accordingly, Plaintiff's request to amend or supplement his Complaint to rejoin Defendants Sims and Emrich to this action under 42 U.S.C. § 1983 is **DENIED.**

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is **GRANTED, in part, and DENIED, in part.**    Accordingly, for good cause shown,

**IT IS** on this **22nd** day of **April 2025**,

**ORDERED** that Plaintiff's Motion to Amend is **GRANTED,** to the extent that it seeks to correct Defendant Stump's name in the Complaint and to add the Jurisdiction and Venue Sections to the Complaint; and it is further

**ORDERED** that Plaintiff's Motion to Amend is **DENIED**, to the extent that it seeks to rejoin Defendants Sims and Emrich to this action under 42 U.S.C. § 1983; and it is further

---

[2] The Court refrains from making any determinations or findings as to the merits of Plaintiff's newly proposed claims.

**ORDERED** that Plaintiff's Second Proposed Amended Complaint, (Docket Entry No. 49), as limited hereto and by the District Court's prior Order, (Docket Entry No. 15), is the operative complaint in this action; and it is further

**ORDERED** that the Clerk of the Court mail via Regular and Certified Mail, with return receipt requested, a copy of this Memorandum and Order to Mr. Michael Brown at the following address; and it is further

>Mr. Michael Brown
>#257931-661047B
>South Woods State Prison
>215 South Burlington Road
>Bridgeton, NJ 08302

**ORDERED** that the Clerk of the Court terminate Docket Entry No. 46.


s/Tonianne J. Bongiovanni
**Hon. Tonianne J. Bongiovanni**
**United States Magistrate Judge**